Christian, J.
This case presents a single question, and one easy of solution upon well settled principles, established by repeated decisions of this court, as well ashy all the best writers on the law of evidence.
When it is laid down as a rule that comparison of handwriting is not admissible, it must be remembered that “ by comparison is now meant the juxta positione of two writings, in order by such comparison to ascertain whether both were written by the same person. 2 Starkie’s Ev. 654, and cases there cited.- But where the witness has seen the party write, and is able to swear to his belief, that the writing in question is the hand of that person, such evidence is clearly admissible as legal proof of handwriting, and is considered as distinct from evi-' deuce by comparison. Greenl. on Ev. §§ 576-577; Bedford’s adm’r v. Peggy, 6 Rand. 316. In the case before us, the witness, Montague (who w7as called to prove the signature of Mrs. Baniett to the title bond sought to be given in evidence), stated that “he had never seen her write but once, and then only to make, her signature; that he would not be able from his knowledge of her handwriting to distinguish it from that of others; hut that he was of opinion from having compared the present signature with the one he had seen her make, and from other circumstances not disclosed by the witness, he was of opinion it was in her handwriting.” The question is, was this evidence admissible ? However *407 little or however much credit may be given to it, is not the question. It may be entitled to very little weight; but the weight of the evidence is one thing, its competency is another. The point upon which courts have differed in opinion is upon the source from which the knowledge of the handwriting is derived, rather than as to the degree or extent of it. All the authorities agree that a witness is competent to testify to the genuineness of a controverted signature if he has the proper knowledge of the party’s handwriting. The difficulty has been in determining what is proper knowledge, and how it has been acquired. One mode of acquiring this knowledge, and certainly one of the best, is having seen the party write. "Whether he has seen him write once or many times, goes rather to the degree and extent of his knowledge than the source from which it is derived, and does not affect the question of his competency, but only the weight to be given to his evidence, which is a question for the jury.
It has been wrell settled in numerous cases, and is laid down as settled law in all the standard works upon evidence, that a ■ witness who has seen the party, whose signature is controverted, write hut once, and that only his signature, is competent to testify, although he may have to compare the signature which he knows to be genuine with the one in controversy, in order to refresh and strengthen his recollection.
The case (cited by the counsel for the appellee) Burr v. Harper, 3 Eng. C. L. R. 168, is one exactly in point, and is strikingly like the one under consideration. In that case the witness, whose competency was questioned, stated, when called -to prove the signature of Harper, that he once saw him sign his name to a paper, which he then had in his possession; that the fact made so slight an impression upon his mind that, judging from that single occurrence, he was not able to say whether the handwriting to the agreement was the defendant’s or *408 not; that he would not venture, upon the mere inspection of the p'aper, to form a belief on the subject; but that, hy comparing the signature of the agreement, to which he was required to speak, -with 'that which was subscribed to the paper then in his possession, he was able to swear that he believed it to be the' defendant’s writing. It was held in that case, and its authority has never been questioned, that the witness was competent-to prove the handwriting. The court in ’that case says : 4 ‘ The mere fact of having seen a man once write his name may have made a very faint impression upon the witness’ mind; but some impression, however slight in degree, it will make, and surely as the standard exists, and the witness possesses the genuine paper, he may recur to it to revive his memory upon the subject. Here a basis is laid in the fact of his having seen the defendant sign his name once. But his memory is defective. He then recurs to a paper which he knows to he an authentic writing. He uses it to retouch and strengthen his recollection, and not merely for the purpose of comparison. The evidence, therefore, is admissible.”
In a case recently decided by the Supreme court of the Hnited States, Mr. Justice Davis, speaking for the whole court, says : “ It has been settled everywhere that if the witness has seen the party (whose signature is controverted) write his name but once, he is competent to testify.” Rogers v. Ritter, 12 Wall. U. S. R. 322.
I am of opinion that there is no error in the judgment of the Circuit court, and that the same ought to be affirmed. '
The' other judges concurred in the opinion of Christian, J.
Judgment affirmed.